United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARA FRANKLYN HODGE,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

Case No. 25-cv-10797-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 8

Before the Court is Defendant City and County of San Francisco's (the "City") motion to dismiss the complaint. ECF No. 8. The Court will grant the motion.

## I. BACKGROUND

On November 7, 2025, Kara Franklyn Hodge ("Hodge") filed this complaint "individually and as successor-in-interest" to her deceased husband, Peter Francis Hodge, Jr. ("Mr. Hodge"). ECF No. 1. The complaint alleges the following facts. On December 20, 2024, Mr. Hodge was working as an outside security office at the Dior store on Grant Avenue in San Francisco. *Id.* ¶ 13. Multiple San Francisco Police Department ("SFPD") officers suddenly arrived and abruptly subjected Mr. Hodge to "an aggressive and unwarranted confrontation," even though Mr. Hodge was not exhibiting threatening behavior. *Id.* ¶ 14. When the officers instructed Mr. Hodge to raise his hands and turn around, he "complied immediately and peacefully, raising his hands and verbally asking 'For what? What are you worried about, sir?'" *Id.* ¶ 15. "His demeanor remained calm and nonthreatening throughout." *Id.*

Despite Mr. Hodge's compliance and non-threatening conduct, SFPD officers deployed a BolaWrap restraint device against him, which malfunctioned. *Id.* ¶ 16. Instead of reassessing or de-escalating the situation, the officers next discharged an Extended Range Impact Weapon

("ERIW") at Mr. Hodge and fired multiple rounds from their service firearms, striking Mr. Hodge multiple times. *Id.* ¶ 17. The gunfire inflicted catastrophic injuries, causing Mr. Hodge to collapse and lie motionless on the ground, at which point SFPD officers approached and restrained him. *Id.* ¶ 18. The San Francisco Medical Examiner later determined that Mr. Hodge died from at least eleven gunshot wounds, each causing significant physical trauma, distributed across his torso, abdomen, back, buttocks, upper and lower extremities, and hands. *Id.* ¶ 19.

The complaint alleges claims for wrongful death, Cal. Civ. Proc. Code § 377.60; excessive force under 42 U.S.C. § 1983; violation of the Fourteenth Amendment Due Process Clause; negligence; and violation of the Bane Act, Cal. Civ. Code § 52.1. *Id.* ¶ 21–57. Hodge brings these claims against the City and County of San Francisco and Does 1 through 50. *Id.* ¶¶ 2–4.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. [1]

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, mere

[1] In her brief, Plaintiff argues that a claim may be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ECF No. 15 at 3 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). *Conley* has not been good law since *Iqbal* and *Twombly* were decided 17 years ago. *Churyumov v. Amazon Corp. LLC*, No. C19-136RSM, 2019 WL 6271728, at *5 (W.D. Wash. Nov. 25, 2019) (noting that "Plaintiff relies on *Conley v. Gibson*, 355 U.S. 41 (1957), a case that was abrogated by the Supreme Court's more recent *Iqbal* and *Twombly* opinions").

United States District Court
Northern District of California

legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79.

"Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. DISCUSSION

In its motion to dismiss, the City argues that Hodge has failed to state a claim with respect to either of her federal causes of action—use of excessive force in violation of the Fourth Amendment to the U.S. Constitution under Section 1983, and violation of the Fourteenth Amendment Due Process Clause. The Court agrees.

### A. Section 1983

Hodge alleges that the officers' discharge of the ERIW and subsequently their firearms was objectively unreasonable and violated Mr. Hodge's rights under the Fourth Amendment. ECF No. 1 ¶¶ 33–34.

"It is well established that the only basis for a plaintiff to bring a Section 1983 claim against a municipality is pursuant to *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)." *Hyer v. City & Cnty. of Honolulu*, No. CV 19-00586 HG-RT, 2020 WL 7038953, at *6 (D. Haw. Nov. 30, 2020). "To sustain [a] *Monell* claim, [a plaintiff] must show that the action that caused [his] constitutional injury was part of an "'official municipal policy of some nature.'" *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 811 (9th Cir. 2024) (quoting *Monell*, 436 U.S. at 691). A plaintiff can satisfy the *Monell* pleading requirements by alleging "government acts pursuant to an express official policy," "a longstanding practice or custom," or an "committed or ratified by an official with policy-making authority." *Id.* at 811–12. To prevail on a claim against a municipal entity for a constitutional violation, a plaintiff "must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit." *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 811–812 (9th Cir. 2024).

United States District Court
Northern District of California

"Failure to train may constitute a basis for *Monell* liability where the failure amounts to deliberate indifference to the rights of those who deal with municipal employees." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). "To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Id*. at 1153–54.

The Complaint does not allege that an official policy, established practice or custom, deliberately indifferent municipal training policy, or decision by an official with final policymaking authority caused Plaintiff's injuries. A single instance of alleged unconstitutional action alone does not "prove the existence of a municipal policy or custom." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–824 (1985)).

Hodge argues that she sufficiently states a claim under Section 1983 by establishing (1) a violation of a constitutional right (2) by a person acting under color of state law. ECF No. 15 at 5 (citing *Long v. City of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006)). But Hodge brings her claims against the City itself—not against individuals acting under color of state law. She therefore must satisfy the requirements for *Monell* liability outlined above. *See Long*, 442 F.3d at 1185. Hodge's opposition also claims that the officers' conduct in immediately surrounding Mr. Hodge, shouting contradictory commands, deploying multiple force options in rapid succession, and firing multiple rounds at him evinced a lack of training in de-escalation techniques, tactical judgment, and constitutional use of force standards. ECF No. 15 at 6. While inadequate training could support a *Monell* claim, this theory is (1) not pleaded in the complaint and (2) lacks specific supporting facts sufficient to allege the elements of a failure-to-train claim laid out above or to meet the *Twombly* and *Iqbal* plausibility standard.

Because Hodge has alleged no City policies or practices causing the constitutional violation, the *Monell* claims against the City must be dismissed.

**B. Fourteenth Amendment**

Hodge also brings a claim for a violation of the Fourteenth Amendment because "Mr. Hodge was deprived of his life without any form of due process." ECF No. 1 ¶ 41. The Fourteenth Amendment does not provide a standalone cause of action, so the Court presumes that Hodge's Fourteenth Amendment claims are presumably through Section 1983, and fail because they do not sufficiently allege *Monell* liability as outlined above. *Beauregard v. Lewis Cnty., WA*, 329 F. App'x 710, 712 (9th Cir. 2009) (holding that the Fourteenth Amendment does not give rise to a direct claim for money damages).

Even if Hodge had stated a Fourteenth Amendment claim against individual officers, her claims would fail. In *Graham v. Connor*, the Supreme Court held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." 490 U.S. 386, 395 (1989). For this reason, the City argues that Hodge's due process claim must be dismissed. ECF No. 8 at 8–9.

Notwithstanding *Graham*, two narrow avenues for a Fourteenth Amendment claim based on excessive force remain available in the Ninth Circuit. The first is for excessive force that doesn't result in a seizure. *See County of Sacramento v. Lewis*, 523 U.S. 833, 836, 843–44 (1998) (holding that a substantive due process claim may lie for excessive force not resulting in a search or seizure, but only if the officer had a "purpose to cause harm unrelated to the legitimate objective of arrest"). Because the complaint alleges that Hodge was physically restrained immediately after he was shot, ECF No. 1 ¶ 18, this exception is unlikely to apply.

Second, the Ninth Circuit construes the *Graham* rule to limit only claims brought by the individual allegedly subjected to excessive force, "leaving open the possibility of substantive due process claims by a parent or child who claims 'loss of the companionship and society' of the decedent." *Peck v. Montoya*, 51 F.4th 877, 892 (9th Cir. 2022); *see also Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991). Although the Ninth Circuit has not squarely held that *spousal* claims are available, *Peck*, 51 F.4th at 893, district courts within it have

done so. *See Ames v. Cnty. of San Bernardino*, No. EDCV181362JGBJEMX, 2020 WL 5875012, at *7 (C.D. Cal. July 30, 2020) ("Family members and spouses of an individual killed by law enforcement officers may assert a substantive due process claim based on the related deprivation of their liberty interest arising out of their relationship with the decedent.").

A set of threshold requirements apply regardless, which Hodge has not met. Substantive due process claims must allege officer conduct that "shocks the conscience." *Peck*, 51 F.4th at 893. In circumstances where the officer had time to deliberate, this requires a showing of deliberate indifference. *Id.* Otherwise, the plaintiff must meet the higher bar—as in *Lewis*—of alleging "purpose to harm unrelated to legitimate law-enforcement objectives." *Id.* Hodge has not alleged sufficient facts to establish either that (1) the lower bar applies or (2) the higher bar has been met. For these additional reasons, Hodge's Fourteenth Amendment claim is dismissed.

**CONCLUSION**

The City's motion to dismiss Hodge's federal claims is granted. In the absence of remaining federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims. However, "[l]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The Court grants Hodge 28 days to file an amended complaint addressing the deficiencies identified in this order. If no amended complaint is filed, the case will be dismissed with prejudice.

The case management conference scheduled for July 28, 2026 is continued to November 17, 2026 at 2:00 p.m. An updated joint case management statement is due November 10, 2026.

**IT IS SO ORDERED.**

Dated: July 27, 2026

JON S. TIGAR
United States District Judge